IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                            Criminal No. 3:22cr51

TABARI RILEY,

Petitioner.

## MEMORANDUM OPINION

Tabari Riley, a federal inmate proceeding *pro se*, brings this motion pursuant to 28

U.S.C. § 2255 ("Second § 2255 Motion," ECF No. 64).[1]  In the Second § 2255 Motion, Riley

contends that he received ineffective assistance of counsel[2] in the following way:

> Claim One    "Petitioner is challenging the fact that counsel failed to object to
> the Pre-Sentence Report (P.S.R.)'s enhancement, despite it stating
> 'the dwelling was unoccupied.'" (ECF No. 64, at 2.)

The Government responded, asserting that Riley's claim is procedurally defaulted, barred by the

relevant statute of limitations, and without merit.  (*See* ECF No. 67.)  Riley then filed a host of

motions, including a Motion for Relief from Judgment ("Rule 60(b) Motion," ECF No. 73), a

Motion Seeking Leave to Amend the First-Filed and/or the Second-Filed 28 U.S.C. § 2255

Motion(s) ("Motion to Amend," ECF No. 74), a Motion for Extension to File a Reply ("Motion

for Extension," ECF No. 76), and a Reply to the Government's Opposition (ECF No. 75).  In his

Motion to Amend, Riley seeks to raise the following additional claims, which also arise under

the ineffective assistance of counsel umbrella:

---

[1] The Court corrects the spelling, capitalization, and punctuation in the quotations from
Riley's submissions.  The Court employs the pagination assigned to the parties' submissions by
the CM/ECF docketing system.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the
Assistance of Counsel for his defence." U.S. Const. amend. VI.

Claim Two       "Sentencing counsel was ineffective for failing to challenge the Court's use of his Virginia prior [conviction] for 'abduction' as a 'crime of violence' triggering a Career Offender Guideline Sentence when, years prior to his sentencing, the courts had determined Virginia priors for abduction are not crimes of violence due to indivisibility and elements overbreadth." (ECF No. 74, at 10.)

Claim Three     "Counsel was ineffective for failing to correct the Court's erroneous conclusion that he had not one, but two prior convictions constituting crimes of violence. This malfeasance/nonfeasance violated the movant's right to be sentenced on the basis of accurate information." (ECF No. 74, at 10.)

All motions were filed *pro se*. For the reasons set forth below, the Motion for Extension (ECF No. 76) will be GRANTED. Riley's Second § 2255 Motion (ECF No. 64), Rule 60(b) Motion (ECF No. 73), and Motion to Amend (ECF No. 74) will be DENIED.

## I.  Pertinent Factual and Procedural History

### A.  Indictment, Guilty Plea, and Sentencing

On May 3, 2022, a grand jury returned a one-count Indictment, charging Riley with possession with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (*See* ECF No. 1.)

On July 26, 2022, Riley appeared before the Court, represented by Attorney J. Paul Gregorio, to enter a guilty plea consistent with a Plea Agreement he had reached with the Government. (ECF No. 23; *see* ECF No. 24.) After colloquy, the Court accepted Riley's guilty plea. (ECF No. 23.) On January 13, 2023, the Court held a sentencing hearing, at which it sentenced Riley to 324 months of imprisonment. (ECF Nos. 38, 39.) It rendered this judgment after accepting in full the Office of United States Probation and Pretrial Services' Pre-Sentence

Report, which found that Riley should be designated a career offender under the United States Sentencing Guidelines. (ECF No. 40; *see* ECF No. 27, at 7, 22.)

### B. Appeal, Dismissal of Appeal, and Filing of Motions

On January 25, 2023, Riley filed a Notice of Appeal. (ECF No. 41.) On March 9, 2023, the United States Court of Appeals for the Fourth Circuit granted Riley's motion for voluntary dismissal of his appeal. (ECF No. 45.) Over one year later, on July 29, 2024, this Court received a § 2255 motion Riley submitted on or after June 24, 2024.[3] ("First § 2255 Motion," ECF No. 53.) On August 15, 2024, however, the Court received from Riley a Motion to Withdraw the First § 2255 Motion. (*See* ECF No. 58.) The Court construed the Motion to Withdraw as a Notice of Voluntary Dismissal and explained in a Memorandum Order issued on September 13, 2024, the Notice of Voluntary Dismissal "operate[d] to dismiss the action without further action from the Court." (ECF No. 60 (citing Fed. R. Civ. P. 41(A)(1)(i)).) A full year later, on September 15, 2025, Riley filed the Second § 2255 Motion.[4] (ECF No. 64.) Since that time, Riley filed the Rule 60(b) Motion (ECF No. 73), the Motion to Amend (ECF No. 74), the Motion for Extension (ECF No. 76), and his Reply (ECF No. 75).

### II. Analysis

### A. Rule 60(b) Motion and Motion for Extension

Before addressing Riley's Second § 2255 Motion, the Court turns to the Rule 60(b) Motion and Motion for Extension. The latter of these two motions, in which Riley requests additional time to file a Reply to the Government's Opposition (*see* ECF No. 76), will be

---

[3] Although Riley attests that he placed the First § 2255 Motion in his institution's mailing system on June 4, 2024 (*see* ECF No. 53, at 17), this cannot be true, given Riley's inclusion in the submission of a document dated June 24, 2024. (*See* ECF No. 53-1.)

[4] This is the date Riley attests under penalty of perjury that he placed the § 2255 Motion in the institutional mailing system. (ECF No. 64, at 7.) The Court credits this date as the § 2255 Motion's date of filing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

GRANTED to the extent that the Court will consider Riley's Reply, which the Court received before the Motion for Extension itself (*see* ECF No. 75).

Riley's Rule 60(b) Motion, in contrast, will be denied. In the Rule 60(b) Motion, Riley seeks relief from the Court's September 13, 2024 Memorandum Order, which acknowledged receipt of Riley's Notice of Voluntary Dismissal as to the First § 2255 Motion. (*See* ECF No. 73, at 1–2.) In support of this request, Riley first asserts that the Court or his attorney should have warned him that a future § 2255 motion could be barred by the statute of limitations or the prohibition on second or successive motions. (*See* ECF No. 73, at 4–5.) Second, Riley claims that his attorney Carl Muzi, "who [was] burdened by an actual conflict of interest, advised [him] to 'dismiss' his first-filed Section 2255 motion . . . [which] raised 'substantial' IAC claims for the Court's review." (ECF No. 73, at 6–7.)

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding" in some instances. Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." *Coleman v. Jabe*, 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Werner*, 731 F.2d at 207).

Here, Riley fails to satisfy the threshold requirements of timeliness and meritoriousness. As to timeliness, Riley waited approximately one year and five months—until February 2026—to file the Rule 60(b) Motion contesting the Court's September 13, 2024 Memorandum Order. Riley had knowledge of the factual basis of the Rule 60(b) Motion, at the latest, on the date he received the relevant Memorandum Order. Nevertheless, he does not offer any explanation for his year-plus delay in filing the Rule 60(b) Motion. This is not reasonable. *See, e.g.,* *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Oper. Co. v. Util. Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))).

Riley also fails to demonstrate that granting Rule 60(b) relief would not be futile. As discussed below, Riley's deadline to file any § 2255 motion was, at the latest, June 7, 2024. (*See* § II.B.1, *infra.*) As a result, Riley's First § 2255 Motion—which was filed at the very earliest on June 24, 2024—was untimely, rendering that motion meritless and rendering harmless any failure by the Court or Riley's counsel to warn him as to about future application of the statute of limitations.[5] Because the First § 2255 Motion was untimely, it did not raise any meritorious claims. *See Sinkler v. Wyndham Vacation Resorts, Inc.*, No. 1:24-cv-02364-MSN-LRV, 2025 WL 1905573, at *1 (E.D. Va. Apr. 21, 2025) (denying Rule 60(b) motion, finding that "the statute of limitations applicable to Plaintiff's claims has long expired, so she lacks any

---

[5] As an aside, the Court observes that it had no obligation to warn Riley of the potential consequences of withdrawing his First § 2255 Motion. *See, e.g., Pliler v. Ford*, 542 U.S. 225, 231 (2004) (explaining that "[r]equiring district courts to advise [] *pro se* litigant[s]" as to statute of limitations issues "would undermine district judges' role as impartial decisionmakers" and concluding that "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants" (citations omitted)).

meritorious case"); *Mack v. Beasley*, No. 1:24-cv-3870-CMC, 2025 WL 4483958, at *1 (D.S.C. Apr. 9, 2025) ("Rule 60(b)(6) requires a meritorious claim, but Plaintiff's claim appears to have occurred in 1998, well beyond the statute of limitations for a § 1983 claim.").

For these reasons the Rule 60(b) Motion (ECF No. 73) will be DENIED.

### B. The Second § 2255 Motion and Motion to Amend

Having dispensed with Riley's Rule 60(b) Motion and Motion for Extension, the Court proceeds next to the Second § 2255 Motion and Motion to Amend. As explained below, the Court concludes that the Second § 2255 Motion is barred by the relevant statute of limitations. Both it and the Motion to Amend will therefore be DENIED.

Section 101 of the Antiterrorism and Effective Death Penalty Act amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

**(f)**    A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

**(1)**    the date on which the judgment of conviction becomes final;

**(2)**    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)**    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)**    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### 1. 28 U.S.C. § 2255(f)(1)

Riley voluntarily dismissed his appeal on March 9, 2023. (*See* ECF No. 45.) Assuming this was the date on which his conviction became final, Riley had one year from that date, or until March 11, 2024, to move for relief under § 2255.[6] *See United States v. Arevalo*, 408 F.3d 1233, 1236 (9th Cir. 2005) (stating that, "once an appeal is voluntarily dismissed, appellate courts no longer have jurisdiction over the merits of the appeal"). At the very latest, Riley's conviction became final after the ninety-day window to file a petition for writ of certiorari expired on Wednesday, June 7, 2023, meaning the federal limitation period expired, at the very latest, on Friday, June 7, 2024. *See Latham v. United States*, 527 F.3d 651, 653 (7th Cir. 2008) (holding that § 2255 movant was entitled to a ninety-day window to petition for certiorari after dismissing his appeal). Even offering Riley the benefit of this more lenient calculation of time, though, the Court finds that the Second § 2255 Motion—filed as it was on September 15, 2025— is roughly one year and three months late.

Accordingly, the statute of limitations bars the Second § 2255 Motion unless Riley demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4), equitable tolling, or actual innocence. Neither Riley nor the record suggest that belated commencement is appropriate in this action. Riley does, however, raise arguments in the Rule 60(b) Motion and Reply that could be construed as seeking equitable tolling or asserting actual innocence as to his sentence. (*See* ECF Nos. 73, 75.) As explained below, however, the Court finds that these arguments lack merit.

---

[6] March 9, 2024 was a Saturday, so Riley had until the following Monday, March 11, 2024, to timely file. *See* Fed. R. Civ. P. 6(a)(1)(C).

### 2. **Equitable Tolling**

"[A] petitioner is 'entitled to equitable tolling' only if he [or she] shows '(1) that he [or she] has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he or she fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege with specificity the steps he [or she] took to diligently pursue his federal claims." *Id.* at 929–30.

Here, although Riley does not offer any meaningful argument for equitable tolling,[7] in deference to his *pro se* status, the Court assumes that Riley seeks such relief based on the allegation raised in his Rule 60(b) Motion: that his attorney improperly advised him to withdraw his First § 2255 Motion. (*See* ECF No. 73.) Even accepting this allegation as true, however, the Court concludes that Riley has not made the requisite showing. As discussed above, the First § 2255 Motion was untimely, and Riley has not offered any explanation for his delay in filing. Instead, it appears that Riley believes that he filed in a timely manner, given his writing of "[t]imely filed 2255" on the Motion (ECF No. 64, at 15) and his assertion in the Reply that "the first-filed Section 2255 motion was timely" (ECF No. 75, at 5). Consistent with this apparent belief, Riley does not offer any explanation for his untimely filing in his Reply, and the Court

---

[7] In the portion of his Reply addressing the Government's statute of limitations arguments, Riley merely asserts that, because the First § 2255 Motion was timely, the *Second* § 2255 Motion "is also timely as it is an extension" of the first. (ECF No. 75, at 5.) Indeed, without any further explanation, he asserts that the Second § 2255 Motion was "brought within the applicable statute of limitations, even if the Court was not inclined to grant the pending Rule 60(b)(6) motion." (ECF No. 75, at 5 (capitalization omitted).)

therefore finds that he has failed to show that he pursued his rights diligently. *See Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights" (citing *Pace*, 544 U.S. at 419; *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001))).

Moreover, Riley fails to demonstrate that his attorney's advice stood in his way of timely filing. Indeed, accepting as true the allegation that Riley's attorney advised him to withdraw the motion after it had already been filed, that advice could not have served as any roadblock to timely filing because the advice came after the filing of the motion itself. *Cf. Curry v. Dotson*, No. 2:25cv266, 2026 WL 1615762, at *6 (E.D. Va. May 18, 2026) ("Even if Petitioner was denied law library access to any extent during those later periods in 2025, such restrictions could not have prevented him from timely filing a federal habeas petition before September 3, 2024." (citation omitted)), *R&R adopted*, 2026 WL 1615478 (E.D. Va. June 4, 2026)); *Owens v. Warden*, No. 20-cv-2319-LKG, 2021 WL 5605030, at *3 (D. Md. Nov. 30, 2021) ("COVID-19 could not have prevented Owens from timely filing his Petition as the pandemic began years after the one-year limitation period expired.").

Riley then waited an additional year after withdrawing his First § 2255 Motion before filing his Second § 2255 Motion, and he offers exactly no information or argument to show that he was pursuing his rights diligently during this time or that any external factor stood in his way of filing more quickly. Accordingly, Riley fails to show that he is entitled to equitable tolling. *See Roberts*, 697 F. Supp. 2d at 653.

### 3. **Actual Innocence**

Finally, Riley also appears to suggest that he was actually innocent of his "burning of an occupied building" conviction, which was foundational to the finding that he was a career

offender under the United States Sentencing Guidelines. (*See* ECF No. 64, at 1.) He suggests that the dwelling he burned was not actually occupied and that the finding that he was a career offender was therefore in error. (ECF No. 64, at 1–6.) It is true that, in the abstract, "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations," *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), but this doctrine does not entitle Riley to relief in this case.

First, Riley is merely contesting the application of the sentencing guidelines rather than asserting that he is actually innocent of the underlying offense, and assertions of actual innocence "do[ ] not apply to habeas claims based on actual innocence *of a sentence.*" *United States v. Jones*, 758 F.3d 579, 587 (4th Cir. 2014) (emphasis added). Consequently, Riley's claim that he is actually innocent of conduct supportive of the career offender designation fails to provide a basis for avoiding the limitation period. *See Clayton v. United States*, Nos. 1:12–cv–109–MR, 1:07–cr–101–MR, 2013 WL 3381373, at *3 (W.D.N.C. July 8, 2013) ("Petitioner admitted his guilt. He merely claims that his sentence was calculated incorrectly. *McQuiggin* has no applicability to this situation.").

But even to the extent that Riley is asserting actual innocence as to his underlying conviction rather than as to his sentence, he has failed to make a sufficient showing to excuse the untimeliness of his claims. A gateway actual innocence claim requires a petitioner to produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). If a petitioner meets the burden of producing new, reliable evidence of his or her innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of

10

admissibility that would govern at trial,'" and determines whether the petitioner has met the standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327–28). The Court must then determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (quoting *Schlup*, 513 U.S. at 327–28). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." *Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F. Supp. 2d 600, 610 (D. Md. 1999)).

Here, Riley's assertion of actual innocence is not coupled with any new reliable evidence of his actual innocence. His bare assertion of innocence is insufficient to excuse the untimeliness of his claims. *See Lowe v. Zook*, No. 3:15CV631, 2016 WL 3912035, at *4 (E.D. Va. July 19, 2016) (citing *Hill*, 2010 WL 5476755, at *5).

Because he has not shown any entitlement to a belated commencement, equitable tolling, or actual innocence, the Court concludes that the statute of limitations bars the Second § 2255 Motion from review. And because both the First and Second § 2255 Motions are untimely and barred from review, so too is the Motion to Amend. *See, e.g., United States v. Hudson*, No. 1:07CR00016, 2012 WL 6617114, at *2, n.4 (W.D. Va. Dec. 19, 2012) ("Because Hudson's original § 2255 motion was untimely filed, his Motion to Amend is also untimely, and I deny it on that ground.").

11

### III.  Conclusion

For the foregoing reasons, although Riley's Motion for Extension (ECF No. 76) will be GRANTED, his Second § 2255 Motion (ECF No. 64), Rule 60(b) Motion (ECF No. 73), and Motion to Amend (ECF No. 74) will be DENIED.  The action will be DISMISSED.  A certificate of appealability will be DENIED.[8]

An appropriate Order shall issue.

M. Hannah Lauck
Chief United States District Judge

Date: 7/2/2026
Richmond, Virginia

---

[8] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Riley has not satisfied this standard.